UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:10-Civ-80644-RYSKAMP

ANDREA MIYAHIRA, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

vs.

VITACOST.COM, INC., IRA P. KERKER, RICHARD P. SMITH, STEWART GITLER, ALLEN S. JOSEPHS, DAVID N. ILFELD, LAWRENCE A. PABST, ERAN EZRA and ROBERT G. TRAPP,

    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF THE CASON FAMILY TRUST AND THE CASON FAMILY LTD PARTNERSHIP FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL**

**I.    PRELIMINARY STATEMENT**

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all those who purchased shares of Vitacost.com, Inc. ("Vitacost.com" or the "Company") common stock pursuant and/or traceable to the Company's Initial Public Offering commencing on or about September 24, 2009 (the "IPO") and on behalf of purchasers of the Company's common stock between September 24, 2009 and April 20, 2010, inclusive (the "Class Period"). The complaint charges Vitacost.com and certain of its officers and directors with violations of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

Class members the Cason Family Trust and the Cason Family LTD Partnership (collectively, the "Cason Family Investments") hereby move this Court for an order: (i) appointing the Cason Family Investments as Lead Plaintiffs in the Action; and (ii) approving the Cason Family Investments' selection of the law firms of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Dyer & Berens LLP ("Dyer & Berens") to serve as Co-Lead Counsel. This motion is made on the grounds that Cason Family Investments are the most adequate plaintiffs as defined by the PSLRA. The Cason Family Investments suffered a loss of approximately $8,000 in connection with their purchases of Vitacost.com stock pursuant to the IPO and during the Class Period. *See* Wilens Decl. Ex. B.[1] In addition, the Cason Family Investments, for purposes of this motion, adequately satisfy the requirements of Federal Rules of Civil Procedure 23 in that their claims are typical of the claims of the putative class and that they will fairly and adequately represent the interests of the class. Accordingly, the Cason Family Investments' motion should be granted.

## II.     FACTUAL BACKGROUND[2]

Vitacost.com operates as an online retailer and direct marketer of health and wellness products. The complaint alleges that, throughout the Class Period, defendants knew or recklessly disregarded that their public statements concerning Vitacost.com's financial performance were materially false and misleading. Specifically, the complaint alleges that defendants' public statements failed to disclose or indicate that Vitacost.com: (1) was starting a product-mix shift away from the high-margin proprietary products; (2) inflated demand for its proprietary products; (3) was

---

[1]     References to the "Wilens Decl. Ex. ___" are to the exhibits attached to the accompanying Declaration of Douglas Wilens in Support of Motion of the Cason Family Trust and the Cason Family LTD Partnership for Appointment as Lead Plaintiffs and Approval of Selection of Co-Lead Counsel, dated July 23, 2010, and submitted herewith.

[2]     These facts are drawn from the allegations in the initial complaint filed in the Action.

pushing out excess product to customers so that it could mask declining demand; (4) was experiencing logistical issues at its own plants; (5) lacked significant oversight processes and procedures and utilized ineffective operations software, despite knowing that those issues existed; (6) as a result of this, had materially inflated it financial results at all relevant times; (7) lacked adequate internal and financial controls; and (8) lacked any reasonable basis when it made projections regarding future growth.

On April 20, 2010, after the close of the market, Vitacost.com issued a press release in which it announced updated guidance for revenue and fully diluted earnings per share for the first quarter ending on March 31, 2010 and full year 2010.  Importantly, the Company cut its first-quarter and full-year profit and revenue estimates, citing disappointing sales along with manufacturing problems. On this news, shares of Vitacost.com stock declined $3.02 per share, or 24%, to close on April 21, 2010 at $9.54 per share, on unusually heavy trading volume.

## III. ARGUMENT

### A. The Cason Family Investments Should Be Appointed Lead Plaintiffs

#### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Securities Act and/or Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(1) and (a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i); 15 U.S.C. § 78u-4(a)(3)(A)(i).  Here, notice regarding the pendency of the Action was published on *BusinessWire*, a national, business-oriented newswire service, on May 24, 2010.  *See* Wilens Decl. Ex. A.  Within 60 days after publication of the notice,

any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 77z-1(a)(3)(A) and (B); 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002).[3]

### 2. The Cason Family Investments Satisfy the "Lead Plaintiff" Requirements of the Securities Act and the Exchange Act

#### a. The Cason Family Investments Have Complied with the PSLRA and Should Be Appointed Lead Plaintiffs

According to the published notice, the time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on July 23, 2010. *See* 15 U.S.C. § 77z-1(a)(3)(A) and (B); 15 U.S.C. § 78u-4(a)(3)(A) and (B). Pursuant to the provisions of the PSLRA

---

[3] Unless otherwise noted, all emphasis is added and citations are omitted.

and within the requisite timeframe after publication of the required notice (published on May 24, 2010), the Cason Family Investments timely move this Court to be appointed Lead Plaintiffs on behalf of all members of the class.

The Cason Family Investments have duly signed and filed a certification stating that they are willing to serve as the representative parties on behalf of the class. *See* Wilens Decl. Ex. C. In addition, the Cason Family Investments have selected and retained competent counsel to represent them and the class. *See* Wilens Decl. Ex. D, E. Accordingly, the Cason Family Investments have satisfied the individual requirements of the PSLRA and are entitled to have their application for appointment as Lead Plaintiffs considered and approved by the Court.

### b. The Cason Family Investments Have the Requisite Financial Interest in the Relief Sought by the Class

As evidenced by the accompanying signed certification and loss chart, the Cason Family Investments purchased Vitacost.com stock pursuant to the IPO and during the Class Period and were injured thereby. *See* Wilens Decl. Ex. B, C. In fact, the Cason Family Investments incurred a substantial loss of approximately $8,000 on their transactions in Vitacost.com securities. *See* Wilens Decl. Ex. B. The Cason Family Investments, thus, have a significant financial interest in the Action. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B).

### c. The Cason Family Investments Otherwise Satisfy Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses

of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class certification. *Miller v. Dyadic Int'l, Inc.*, 2008 U.S. Dist. LEXIS 32271, at *18 (S.D. Fla. Apr. 18, 2008). The Cason Family Investments satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). Typicality exists where the plaintiffs' claims and the class claims "share the same 'essential characteristics as the class at large.'" *Dyadic*, 2008 U.S. Dist. LEXIS 32271, at *19; *see also Sheet Metal Workers Local 28 Pension Fund v. Office Depot, Inc.*, 2008 WL 1943955, at *2 (S.D. Fla. May 2, 2008) ("With regard to typicality, the proposed Lead Plaintiff should have suffered the same injuries as the absent class members as a result of the same course of conduct by the defendants and maintain claims based on the same legal issues as the absent class members.") "[T]ypicality [does not] require that all putative class members share identical claims, and [it] may be satisfied even if some factual differences exist between the claims of the named representatives and the claims of the class at large." *In re MIVA, Inc.*, 2008 U.S. Dist. LEXIS 21108, at *10 (M.D. Fla. Mar. 12, 2008).

The Cason Family Investments satisfy this requirement because, just like all other class members, they: (1) purchased Vitacost.com common stock pursuant to the IPO and during the Class

Period; (2) were adversely affected by the defendants' false and misleading statements; and (3) suffered damages thereby. Thus, the Cason Family Investments' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events and are based on the same legal theories.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Cason Family Investments to represent the class to the existence of any conflicts between their interests and the interests of the members of the class. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) and (bb); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) and (bb). "The adequacy requirement is satisfied where, as here: '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Dyadic*, 2008 U.S. Dist. LEXIS 32271, at *19.

Here, the Cason Family Investments are adequate representatives of the class because their interests in the Action are clearly aligned with those of the members of the class, and there is no evidence of any antagonism between the Cason Family Investments' interests and those of the other members of the class. Further, the Cason Family Investments have taken significant steps which demonstrate that they will protect the interests of the class in that they have retained competent and experienced counsel to prosecute these claims. In addition, as shown below, the Cason Family Investments' proposed Co-Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Accordingly, the Cason Family Investments *prima facie* satisfy the typicality and adequacy requirements of Rule 23 for purposes of this motion.

### B. The Court Should Approve the Cason Family Investments' Choice of Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Cason Family Investments have selected Robbins Geller and Dyer & Berens to serve as Co-Lead Counsel. Both firms have substantial experience in the prosecution of shareholder and securities class actions. *See Zametkin v. Fidelity Mgmt. & Research Co.*, Civil Case No. 1:08-cv-10960-MLW (D. Mass. Feb. 23, 2009) (appointing Robbins Geller and Dyer & Berens as Co-Lead Counsel); *McIlvaine v. Arthrocare Corp.*, Civil Case No. 9:08-cv-80343-KLR (S.D. Fla. July 10, 2008) ("Upon review of the firm's credentials, this Court finds that [Robbins Geller] possess the requisite experience in litigating securities class actions to represent the interests of the potential class members."); *Yu v. State Street Corp., et al.*, Civil Case No. 1:08-cv-08235-RJH (S.D.N.Y. Jan. 15, 2009) (appointing Dyer & Berens as Lead Counsel); s*ee also* Wilens Decl., Ex. D, E. Accordingly, the Court should approve the Cason Family Investments' selection of Co-Lead Counsel.

### IV. CONCLUSION

For all the foregoing reasons, the Cason Family Investments respectfully request that the Court: (i) appoint them Lead Plaintiffs in the Action; (ii) approve their selection of Co-Lead Counsel as set forth herein; and (iii) grant such other relief as the court may deem just and proper.

DATED: July 23, 2010	ROBBINS GELLER RUDMAN
	 & DOWD LLP


	s/ Douglas Wilens
	DOUGLAS WILENS

	PAUL J. GELLER (FL Bar No. 984795)
	DOUGLAS WILENS (FL Bar No. 79987)
	SABRINA E. TIRABASSI (FL Bar No. 25521)
	120 E. Palmetto Park Road, Suite 500
	Boca Raton, FL  33432-4809
	Telephone:  561/750-3000
	561/750-3364 (fax)
	pgeller@rgrdlaw.com
	dwilens@rgrdlaw.com
	stirabassi@rgrdlaw.com

	DYER & BERENS LLP
	JEFFREY A. BERENS
	303 East 17th Avenue, Suite 300
	Denver, CO  80203
	Telephone:  303/861-1764
	303/395-0393 (fax)
	jeff@dyerberens.com

	[Proposed] Co-Lead Counsel for Plaintiff


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

	s/ Douglas Wilens
	DOUGLAS WILENS