**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**Case No. 9:10-cv-80644-KLR**

|  |  |
|---|---|
| **ANDREA MIYAHIRA, Individually and on Behalf of All Others Similarly Situated,** <br> Plaintiff, <br><br> vs. <br><br> **VITACOST.COM, INC., IRA P. KERKER, RICHARD P. SMITH, ALLEN S. JOSEPHS, LAWRENCE A. PABST, ROBERT G. TRAPP, JEFFRIES & CO., INC., OPPENHEIMER & CO., INC., NEEDHAM & CO., LLC, and ROTH CAPITAL PARTNERS, LLC;** <br><br> **Defendants** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT RULE 16.1 REPORT

Lead Plaintiff Montgomery County Employees' Retirement Fund ("Plaintiff"), and Defendants Vitacost.com, Inc. ("Vitacost" or the "Company"), Ira P. Kerker, Richard P. Smith, Allen S. Josephs, Lawrence A. Pabst, Robert G. Trapp (collectively "Vitacost Defendants"), Jeffries & Co., Inc., Oppenheimer & Co., Inc., Needham & Co., LLC, and Roth Capital Partners, LLC (collectively, "Underwriter Defendants") (together with the Vitacost Defendants, "Defendants"), respectfully submit, pursuant to the Court's January 20, 2012 Order (Dkt. 88) and Local Rule 16.1(b) of this Court, this report and proposed scheduling order.  In furtherance thereof, the parties state:

1.      **Plain Statement of Nature of Claim and Damages**

1

The above-styled action is a putative class action on behalf of all those who purchased Vitacost securities in connection with, or traceable to, the Company's September 24, 2009 Initial Public Offering ("IPO"), seeking to pursue remedies under the Securities Act of 1933 ("Securities Act") as to allegedly materially untrue and misleading statements and omissions contained in the IPO Registration Statement, which incorporates the IPO Prospectus (hereafter, collectively, "Registration Statement"). Plaintiff alleges violations of Sections 11, 12(a)(2) and 15 of the Securities Act. Plaintiff seeks compensatory damages and reasonable costs and expenses, including counsel fees and expert fees. Plaintiff also demands a trial by jury. Presently, there are no counterclaims, cross-claims or third-party claims.

2.      **Procedural History**

On December 12, 2011, the Court granted Vitacost and Underwriter Defendants' motions to dismiss and dismissed Plaintiff's Consolidated Amended Class Action Complaint (Dkt. 39) without prejudice. (Dkt. 82). The Court allowed Plaintiff to file a Consolidated Second Amended Class Action Complaint within twenty (20) days of the motion to dismiss Order and subsequently granted Plaintiff's Unopposed Motion for Extension of Time to File Second Amended Complaint (Dkt. 83) allowing Plaintiff until January 11, 2012, to file its Second Amended Complaint. On January 11, 2012, Plaintiff filed the Second Consolidated Amended Complaint (Dkt. 87) in compliance with the Court's Order.  Vitacost and Underwriter Defendants' motions to dismiss are due on February 24, 2012 under the Court's January 27, 2012 Order. (Dkt. 90).

*AUS 536,199,360v1 1-31-12*

3.      **PSLRA Discovery Stay**

The parties agree that all discovery and other proceedings will be stayed in this action during the pendency of the motions to dismiss pursuant to the provisions of the Private Securities Litigation Reform Act ("PSLRA") of 1995. 15 U.S.C. § 78z-1(b)(1).

Defendants believe that the PSLRA stay includes scheduling conferences, and that it is premature to hold a Local Rule 16.1(b) scheduling conference at this time. Defendants further submit that because the date on which the Court decides the Vitacost Defendants' and Underwriter Defendants' forthcoming motions to dismiss, and therefore the date on which the PSLRA stay is lifted, is unknown, it is difficult to meaningfully discuss deadlines or dates for discovery, pre-trial motions, and trial.  In an effort to comply with the Court's January 20, 2012 Order, however, Defendants submit this Joint Rule 16.1 Report and are prepared to attend a scheduling conference after the Court's ruling on the motions to dismiss.

Plaintiff respectfully submits that a schedule can readily be entered at the Court's convenience, using the Court's Order on Defendants' Motion to Dismiss as the triggering date. Plaintiff is further prepared to attend a Rule 16.1(b) conference at the Court's convenience.

4.      **Local Rule 16.1(b)(2) Conference Report**

On January 26, 2012, counsel for all parties met and conferred and discussed, pursuant to Local Rule 16.1, the following:

**(A) the likelihood of settlement;**

The parties agree that settlement is unlikely prior to a decision on the motions to dismiss.

**(B) the likelihood of appearance in the action of additional parties;**

3

The parties do not anticipate the appearance of additional parties at this time.

**(C) proposed limits on the time: (i) to join other parties and to amend the pleadings; (ii) to file and hear motions; and (iii) to complete discovery.**

See Section 5 below.

**(D) proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment;**

The parties agree to work in good faith to simplify issues upon the completion of discovery.  At this time, defendants have not yet filed an answer or asserted defenses.

**(E) the necessity or desirability of amendments to the pleadings;**

The parties do not anticipate amendments to the pleadings at this time, although Plaintiff reserves the right to seek to amend, including subsequent to a decision on Defendants' motion to dismiss.

**(F) the possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence;**

The parties do not believe this issue can be meaningfully addressed at this time.  The parties agree to work in good faith on this issue upon the completion of discovery.

**(G) suggestions for the avoidance of unnecessary proof and of cumulative evidence;**

The parties do not believe this issue can be meaningfully addressed at this time.  The parties agree to work in good faith on this issue upon the completion of discovery.

4

**(H) suggestions on the advisability of referring matters to a Magistrate Judge or master;**

The parties agree to the use of a Magistrate Judge for resolution of discovery disputes only as further discussed below.

**(I) a preliminary estimate of the time required for trial;**

While discovery has not yet commenced and, therefore, it is difficult to predict the time required for trial, the parties anticipate that trial will last 15-20 days.

**(J) requested date or dates for conferences before trial, a final pretrial conference, and trial; and**

The parties do not believe this issue can be meaningfully addressed at this time.

**(K) any other information that might be helpful to the Court in setting the case for status or pretrial conference.**

At this time, the parties do not believe there is any other information that would be helpful to the Court in setting the case for status or pretrial conference.

5.      **Joint Proposed Scheduling Order**

The parties agree that this case be designated a "complex track" case pursuant to Local Rule 16.1(a)(2)(C).

Per the Court's January 27, 2012 Order, Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint are due on February 24, 2012, Plaintiff's response to Defendants' Motions to Dismiss is due on March 16, 2012, and Defendants' Replies in support of their Motions are due on April 6, 2012.  In the event Defendants' Motion(s) to dismiss the Second Amended Complaint are denied in whole or part, Defendants propose the following schedule:

5

| ACTION | DEFENDANTS' PROPOSED DATE |
|---|---|
| Initial Disclosures | The Parties agree to 30 days after Order on motion to dismiss |
| Amendment of Pleadings & Joinder of Parties | The Parties agree to 45 days after Order on motion to dismiss |
| Class Certification Discovery Ends | 120 days after Order on motion to dismiss |
| Motion for Class Certification | 150 days after Order on motion to dismiss |
| Opposition to Motion for Class Certification | 180 days after Order on motion to dismiss |
| Reply in Support of Motion for Class Certification | 195 days after Order on motion to dismiss |
| Fact Discovery Begins | 30 days after Order on class certification |
| Fact Discovery Ends | 270 days after Order on class certification |
| Identification of Experts and Disclosure of Expert Reports (Party *with* the Burden of Proof; only these Experts will be permitted to provide a Rebuttal Expert Report) | 255 days after Order on class certification |
| Identification of Experts and Disclosure of Expert Reports (Party *without* the Burden of Proof; only these Experts will be permitted to provide a Rebuttal Expert Report) | 300 days after Order on class certification |
| Rebuttal Expert Reports | 345 days after Order on class certification |
| Expert Discovery Ends | 375 days after Order on class certification |
| Dispositive Motions and *Daubert/Kumho* Motions | Motions filed by: _____, 2013 |

6

| | |
|---|---|
| Resolution of Dispositive Motions and *Daubert/Kumho* Motions by the Court | _____, 2013 |
| Parties to meet and confer regarding the possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence | The parties propose one (1) month before the Pretrial Conference |
| Resolution of Pretrial Motions by the Court | _____, 2013 |
| Pretrial Conference | _____, 2013 |
| Trial: The parties estimate a 14-21 day trial commencing on: | _____, 2013 |

Plaintiff submits that bifurcation of discovery into class and merits in inefficient and would constitute a waste of judicial resources. Given the nature of this case – including the fact that the alleged misrepresentations were made uniformly in the Company's Registration Statement and the fact that Vitacost shares trade on the NASDAQ stock exchange – Plaintiff does not believe there are any class certification issues that would justify bifurcated discovery.

7

| **ACTION** | **PLAINTIFF'S PROPOSED DATES** |
|---|---|
| Initial Disclosures | The Parties agree to 30 days after order on motion to dismiss |
| Amendment of Pleadings and Joinder of Parties | The Parties agree to 45 days after Order on motion to dismiss |
| Fact Discovery Ends | 365 days after Order on motion to dismiss |
| Identification of Experts and Disclosure of Expert Reports (Party *with* the Burden of Proof; only these Experts will be permitted to provide a Rebuttal Expert Report | 420 days after Order on motion to dismiss |
| Identification of Experts and Disclosure of Expert Reports (Party *without* the Burden of Proof; only these Experts will be permitted to provide a Rebuttal Expert Report) | 450 days after Order on motion to dismiss |
| Rebuttal Expert Reports | 480 days after Order on motion to dismiss |
| Expert Discovery Ends | 510 Days after Order on motion to dismiss |
| Dispositive Motions and *Daubert  Kumho* Motions | Motions filed by: _____, 2013. |
| Resolution of Dispositive Motions and *Daubert/Kumho* Motions by the Court | _____, 2013 |
| Parties to meet and confer regarding the possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from | _____, 2013 |

8

| | |
|---|---|
| the Court on admissibility of evidence | |
| Resolution of Pretrial Motions by the Court | _____, 2013 |
| Pretrial Conference | _____, 2013 |
| Trial: The parties estimate a 14-21 day trial commencing on: | _____, 2013 |

6.      **Appointment of Magistrate Judge**: Parties agree that all discovery disputes/issues may be referred to a Magistrate Judge, but that no other issues or aspects of the case, including presiding at the trial of this matter, should be so referred.

7.      **Depositions**: The parties agree that they should be permitted to conduct up to 25 depositions of fact witnesses, and that any expert witness designated by any party shall be provided by the designating party for the deposition by the other parties.

8.      **Service of Papers**: The parties shall serve documents (including, but not limited to, discovery) by electronic means in accord with Fed. R. Civ. P. 5(b)(2)(E) and/or by overnight courier transmitting the documents in electronic disk format if any files are excessively large.

Dated: January 31, 2012                        **STIPULATED AND AGREED:**


___/s/ Paul R. Bessette_____

Paul R. Bessette
bessettep@gtlaw.com
Michael J. Biles
bilesm@gtlaw.com
Sandra D. Gonzalez
gonzalezsd@gtlaw.com
Royale Price
pricer@gtlaw.com
GREENBERG TRAURIG LLP
300 W 6th Street, Suite 2050
Austin, TX 78701
Tel. (512) 320-7200
Fax. (512) 320-7210

-and-

Joseph Clay Coates, III.
coatesj@gtlaw.com
Phillips Point - East Tower
777 S Flagler Drive, Suite 300E
West Palm Beach, FL 33401
Tel. (561) 650-7900
Fax. (561) 655-6222
*Attorneys for Defendants Vitacost.com, Inc.,*
*Allen S. Josephs,  Lawrence A. Pabst, Richard*
*P. Smith, and Robert G. Trapp*


___/s/Sigrid Stone McCawley_____

Sigrid Stone McCawley
smccawley@bsfllp.com
Jack A. Wilson
jwilson@ bsfllp.com
BOIES SCHILLER & FLEXNER LLP
401 East Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33301
Tel.: (954) 356-0011
Fax: (954) 356-0022
*Attorneys for Defendant Ira P. Kerker*


___/s/ Kim E. Miller_____

Kim E. Miller
kim.miller@ksfcounsel.com
**KAHN SWICK & FOTI, LLC**
500 Fifth Ave., Suite 1810
New York, NY 10110
Telephone: (212) 696-3730
Facsimile: (504) 455-1498

-and-

Lewis S. Kahn
lewis.kahn@ksfcounsel.com
Craig J. Geraci, Jr.
craig.geraci@ksfcounsel.com
206 Covington Street
Madisonville, Louisiana 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
***Co-Lead Counsel for Plaintiff and the Class***

Kimberly M. Donaldson
Timothy N. Mathews
**CHIMICLES & TIKELLIS, LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
***Co-Lead Counsel for Plaintiff and the Class***

**VIANALE & VIANALE LLP**
Julie Prag Vianale (FBN 184997)
jvianale@vianalelaw.com
2499 Glades Road, Suite 112
Boca Raton, FL 33431
Telephone: (561) 392-4750
Facsimile: (561) 391-4775

***Liaison Counsel for Plaintiff and the Class***

AUS 536,199,360v1 1-31-12

 /s/ Tracy A. Nichols
Tracy A. Nichols
Tiffani G. Lee
**HOLLAND & KNIGHT**
701 Brickell Avenue Suite 3000
Miami, FL 33131
305-374-8500
Fax: 789-7799

***Attorneys for Defendant Jeffries & Co., Inc.,
Oppenheimer & Co., Inc., Needham & Co.,
LLC, and Roth Capital Partners, LLC***

**SO ORDERED**

_____

HONORABLE KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

11